### WALTER C. JONES v. OSCAR JOHNSON.

#### No. 409.

**1. Statute Construed — Navigable Stream. —** Words in the statute, "stream made navigable by the laws of the State or of the United States," do not refer to legislative enactments with reference to particular waters, but to the body of the law as declared both by statute and the decisions of the courts.

**2. Navigable Waters — Question of Fact for Jury. —** Evidence of navigability should not be confined to present or past use of water as a highway for commerce, but capacity for such use must be considered, and also future development of country along the shores, and whether or not the water is navigable is a question of fact for the jury. See this case for water from two to two and a half feet deep held to be navigable water.

**3. Oysters — Private Property. —** One claiming oysters as his property because planted by him, must have complied with all the regulations of the statute of this State regulating the acquisition of private right to oysters in navigable waters.

**4. Prescriptive Right to Oysters.—**Exclusive right to take oysters from a bay can not be acquired by prescription, although the State may grant such right.

APPEAL from Galveston. Tried below before Hon. WM. H. STEWART.

*Hume & Kleberg*, for appellant.—1. Under the statutes of this State, the owner of any land bordering upon any creek, bayou, lake, or cove not made a navigable stream by the laws of the State or of the United

States, has, as riparian owner, the exclusive right to gather, plant, or sow oysters in front of his said land to the center or middle of such bayou, lake, or cove. Act 22nd Leg., p. 155, sec. 3; Holt v. Follett, 65 Texas, 550; Act of 16th Leg., p. 29.

2. When the facts are ascertained, it is a question of law for the court whether a body of water is navigable. The facts in this case not showing as a matter of law that Highland Bay is a public navigable body of water, it was the duty of the court to so instruct the jury. The Daniel Ball, 10 Wall., 557; The Montello, 20 Wall., 430; Rhodes v. Otis, 33 Ala., 593; Walker v. Allen, 72 Ala., 457.

3. Oysters planted by an individual in a bay or an arm of the sea, in such a manner that the place or bed in which they are planted can be identified, are the property of him who plants them, and the courts will protect such rights of property by appropriate process. Gould on Waters, secs. 189, 190; Fleet v. Hageman, 14 Wend., 42; Britton v. Hill, 27 N. J. Eq., 389; Lowndes v. Dickerson, 34 Barb., 586; The State v. Taylor, 27 N. J. Law, 117.

4. Riparian owners may acquire by prescription the exclusive right to a several oyster fishery in the creeks and arms of the sea. Trustees of Brookhaven v. Strong, 60 N. Y., 65; Robins v. Ackerly, 91 N. Y., 98; Gould v. James, 6 Cow., 376; Jacobson v. Fountain, 2 Johns., 175; Gould on Waters, 2 ed., secs. 37, 189.

*James B. & Charles J. Stubbs*, for appellee.— 1. The verdict that Highland Bay or inlet is navigable water is amply sustained by the evidence. Act April 11, 1891, p. 155; Act July 24, 1879, p. 29; Act April 2, 1887, p. 117; Penal Code, art. 404, et seq.; Selman v. Wolfe, 27 Texas, 68; Railway v. Taquard, 3 Willson's C. C., sec. 142; 16 Am. and Eng. Encycl. of Law, 336, and note 240.

2. Oysters planted and their increase become the exclusive property of the planter. It is, however, imperative upon him to clearly mark and define the grounds occupied by him, and he must see that they are kept so marked and defined during his whole period of occupancy. If this is not done, he will not be protected against the trespass of third persons. Brickerhoff v. Starkins, 11 Barb., 248; 16 Am. and Eng. Encycl. of Law, 307, and note.

3. The land under Highland Bay belongs to the State, and at common law, independently of our statutes, the right of a person to plant oysters on such ground and to be protected in their ownership existed as a mere license, or by tacit permission, and the State had the right at any time to withdraw such license, or to regulate its exercise and prescribe reasonable terms upon which it could be enjoyed. If the oysters in question were the result of appellant's cultivation, and therefore he had a qualified property in them, still it was a right subject to legislative control and

regulation to the extent, at least, of imposing reasonable conditions, upon compliance with which would depend the right to the continued use and occupancy of the tidal lands owned by the State in which the oysters were bedded. Such legislation does not impair any substantive right, vested or otherwise, but is a valid assertion of the police power, and of the inherent right of dominion of the State over its own property. Fleet v. Hageman, 14 Wend., 41; Post v. Kreischer, 32 Hun, 48; 17 Am. and Eng. Encycl. of Law, 307; McCready v. Virginia, 94 U. S., 391; Galveston v. Menard, 23 Texas, 391; Pollard v. Hagan, 3 How., 212; Weber v. Commissioners, 18 Wall., 57; Holyoke v. Lyman, 15 Wall., 506; Munn v. Illinois, 94 U. S., 113; Arnold v. Mundy, 6 N. J. Law, 1.

4. Can exclusive privilege be acquired by prescription? None of the cases cited by appellant appear to involve the right to prescribe as to the user of public navigable water, covering soil owned by the State, and it is at least doubtful if the State can be thus barred from its right to control and regulate the use and occupancy of such waters. The use or possession which will in any case give title by prescription must be adverse, under a claim of right, exclusive, continuous, uninterrupted, peaceable, and with the knowledge of the owner, for at least ten years. This period is fixed by our law of limitation with respect to title of land by bare possession. Rev. Stats., art. 3200; Rhodes v. Whitehead, 27 Texas, 304; Sloan v. Biemiller, 34 Ohio St., 492; 19 Am. and Eng. Encycl. of Law, 11.

GARRETT, CHIEF JUSTICE.—Appellant, Walter C. Jones, brought suit against appellee, Oscar Johnson, alleging, that by reason of his ownership of the land forming the southern shore of Highland Bay or Cove, in Galveston County, and by reason of planting and growing the same, as well as by right of prescription, he was the exclusive owner of all the oysters and oyster beds in certain portions of said bay or cove; that appellee had wrongfully appropriated part of said oysters, and threatened to continue to do so. He prayed for judgment for the value of the oysters taken, and for an injunction restraining appellee from further taking or appropriating oysters from said waters.

Appellee pleaded, that the oysters claimed by appellant were not his property, but were found in public navigable waters, and were such reefs or growths of oysters as the public at large had a right to gather; and that appellant had not acquired any exclusive right of ownership by any means or proceeding known to the law as conferring such right; and that the soil under those waters belonged to the State of Texas or the sovereignty of the soil; and that all oysters taken by appellee were from natural beds, and if any had been planted there by appellant, they were so attached to and commingled with the natural growth as to be undistinguishable therefrom.

The court below evidently was of the opinion that the right of property of plaintiff in the oysters was only such as he could acquire under the stat-

utes of the State made for the preservation of oysters and oyster beds, and for protecting the rights of persons to the same; and the evidence not showing a compliance by the plaintiff with the act of the Legislature, the court in the charge instructed the jury that they should determine from the evidence whether or not the bay was navigable water; that if it was, plaintiff would be entitled to recover only for oysters taken by the defendant between plaintiff's land and 100 yards below ordinary low water mark of his shore; but if it was not navigable water, he should be entitled to recover the value of the oysters taken from between the shore and the centre of the bay.

The jury found that the bay was navigable water.

Appellant contends: (1) That the bay in question is a lake or cove not made navigable by the laws of the State or of the United States, and that being the owner of the land on the southern shore of the bay, he is the owner of the soil under the water to the middle of the stream; and hence, as there has been no legislative enactment by the State or the United States making the bay a navigable stream, it was error for the court to submit to the jury an issue whether it is navigable or not; or the facts having been ascertained, the court as a matter of law, under the evidence in the case, should have instructed the jury that Highland Bay is not a public navigable body of water.

(2) Oysters planted by an individual in a bay or an arm of the sea in such a manner that the place or bed in which they are planted can be identified, are the property of him who plants them, and the courts will protect such rights of property by appropriate process.

(3) Riparian owners may acquire by prescription the exclusive right to a several oyster fishery in the creeks and arms of the sea.

The evidence shows that Highland Bay or Cove is a body of water covering an area of about 500 acres. The witnesses varied in their estimates of the depth of the water, and the average depth at ordinary tide was variously estimated by most of them at from two and a half to three feet. It is an arm of Galveston Bay, and is tide water, the depth varying with the tide. It is about a mile wide at its mouth, and extends eastward about one and a half miles, coming to a narrow point at the east end. Appellant owns the land on the southern shore of the bay. As found by the jury, the bay is navigable water. It may be navigated by vessels drawing as much as two and two and a half feet of water; but the evidence does not show any present or past use of it by the public except its use as an oyster fishery. One boat, however, had taken out brick from a brick yard at the east end, and fish and game had also been transported over it.

From 1853 W. J. Jones at different times planted oysters in the bay; and years later his vendee, the plaintiff, planted others. There was a conflict as to whether there were natural oysters there or not. It is not

deemed necessary for us to determine this conflict of evidence. It is not shown that plaintiff ever complied with the State law with reference to the acquisition of a private right to oysters in navigable water; nor that he staked or in any manner marked the place where he planted the oysters other than by his claim to the body of water, which was done by a notice recorded in the record of deeds for Galveston County, March 25, 1884.

As has been stated, plaintiff and his father planted oysters in the bay, and claimed the exclusive right to the oysters therein, which they testified they had exercised from about 1853. There was other evidence, however, that oystermen frequently went in there for oysters, and that the right so asserted was not disturbed.

Much learning has been shown by the able and interesting briefs of counsel for both parties in this case, and we have reached our conclusions with the aid of many valuable authorities produced by their research.

We are of the opinion that the plaintiff's right to the oysters in Highland Bay must be exercised in accordance with the statute of this State; and the statute, in speaking of a stream made navigable " by the laws of this State or of the United States," does not refer to legislative enactment with reference to particular waters, but to the body of the law, as declared both by statute and in the decisions of the courts. The common law of England, which limits navigable waters to tide waters, does not obtain in the United States, with its large rivers and inland lakes; and whether or not a body of water is navigable must be determined by an inquiry if it is in fact so, and the question is one that should be determined as an issue of fact by the jury. The evidence of navigability should not be confined to the present or past use of the water as a highway of commerce for the transportation of agricultural and other products to market, but capacity for such use must be considered, and the future development of the country along the shores of the bay or of new channels of commerce must not be lost sight of, whether a present inquiry may develop the probability of such use in the future or not.

There is much authority for the position that oysters deposited in a bay, when the place is marked, remain the property of the person who plants them. Gould on Waters, sec. 190. But the plaintiff does not show that the places where he planted his oysters have been specifically marked, so as to indicate to others his claim of property therein. He contends, however, that there were no natural oysters in the bay, and he gave notice of his claim to all that were south of the channel. This notice was not given until thirty years after the first planting. Even if the oysters had been planted and marked so as to bring the case within the authority above referred to, we hardly think the plaintiff had more than a mere license to deposit his oysters in the bay, since the soil under the water belonged to the State.

Plaintiff can not acquire the exclusive right to take oysters in Highland Bay by prescription.    It is within the power of the State, as the owner of the soil under the water, to grant the exclusive right, but there is nothing in this case to authorize the presumption of a grant.

The verdict of the jury omits the word "public" in the finding that this bay is navigable water, but under the issue submitted we deem the omission as immaterial.

There being no error, the judgment of the court below will be affirmed.

*Affirmed.*

Delivered February 1, 1894.

Application for writ of error to Supreme Court refused May 19, 1894.