NORTH AMERICAN DREDGING CO. et al. v. JENNINGS et al. (No. 7069.)*

(Court of Civil Appeals of Texas. Galveston. Feb. 24, 1916. Rehearing Denied March 16, 1916.)

FISH ☞7(2)—OYSTER BEDS—GRANT BY PUBLIC AUTHORITIES—VALIDITY.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 3982, providing that, whenever any creek, bayou, lake, or cove is within the bounds of an original grant, the lawful occupant thereof shall have the exclusive right to use it for gathering, planting, or sowing oysters, although the original grant from the Republic of Texas, confirmed by the Legislature of the state of Texas, did not give such exclusive right, the grantee of bayou land has the exclusive right to take oysters within the limits of his grant, the statute being a valid exercise of legislative power by the Legislature in encouraging production of oysters.

[Ed. Note.—For other cases, see Fish, Cent. Dig. § 10; Dec. Dig. ☞7(2).]

Appeal from District Court, Galveston County; Clay S. Briggs, Judge.

Suit for an injunction by Walter Jennings and others against the North American Dredging Company and others. Judgment for defendants, and plaintiffs appeal. Reversed and rendered.

Stewarts, of Galveston, for appellants. Frank S. Anderson, of Galveston, for appellees.

PLEASANTS, C. J. This suit was brought by appellants against appellees to enjoin them from taking oysters from that portion of Offatt's bayou, in Galveston county, which is embraced within the boundaries of a grant from the state, under which appellants hold title to land in said bayou. It is unnecessary, for the purpose of this opinion, to set out the pleadings of appellants. The defenses set up in the court below are thus summarized in appellees' brief:

"(a) That said Offatt's bayou is, and always has been, an inlet or small bay, forming a part of the tidewaters of Galveston Bay and the Gulf of Mexico, and through and into which the tide from said gulf and bay ebbs and flows.

"(b) That said bayou is navigable water, and that the same is navigated, and always has been, by small sailboats and other craft; egress and ingress being had thereto from the said Galveston Bay.

"(c) That said bayou is, and always has been, a natural oyster bed, and that as many as five barrels of oysters may be found within 2,500 square feet of any position of said bayou, and that the same has always been used by the public for the purpose of fishing and digging oysters therein and therefrom.

"(d) That the plaintiffs, nor either' of them, have ever been granted exclusive right to fish and remove oysters therefrom."

The trial in the court below without a jury resulted in a judgment in favor of the defendants, denying the injunction asked by plaintiffs. The learned trial judge filed a written opinion, which contains the following fact findings that are sustained by the uncontroverted evidence, and which we adopt as our conclusions of fact:

"That Offatt's bayou is a navigable stream, where the tide ebbs and flows, and has always been such, and a part of the public waters of the state of Texas and the former Republic of Texas; that the oysters in said bayou are, and constitute, and have always been, natural oyster beds and reefs, and there have been no private oyster beds, or oysters planted by plaintiffs or those under whom they claim, in said bayou, or upon the lands thereunder involved in this suit.

"I further find that from that part of said bayou, and the land thereunder involved in this suit, defendants and others have always openly and constantly, without interruption or interference on the part of any one claiming to own or occupy the lands under the waters thereof, or

otherwise, exercised the right of fishing and digging oysters.

"I find that the plaintiffs are the owners of the land under Offatt's bayou designated in their petition, both under patent from the Republic of Texas on November 28, 1840, to said Hall and Jones, and by special act of the Legislature of Texas, February 9, 1854, confirming said grant, decree of partition, and mesne conveyance thereunder."

In adopting these fact findings we understand the first finding to mean only that Offatt's bayou, being a navigable stream in which the tide ebbs and flows, is a public water of which the state has jurisdiction and control for any and all purposes except such as it may have relinquished to private individuals.

The third finding of fact by the trial court shows that the state has parted with its title to the land under said bayou involved in this suit.

It may be conceded that the trial court is correct in the legal conclusion that the grant by the sovereignty of the title to the land under navigable waters does not carry with it the grant to the exclusive right of fishing in the waters covering said grant, unless the grant expressly includes such right. The original grant under which appellants hold title does not give such right, but an act of the Legislature of this state passed in 1905 contains the following provisions:

"Whenever any creek, bayou, lake or cove shall be included within the metes and bounds of any original grant or location in this state, the lawful occupant of such grant or location shall have the exclusive right to use said creek, lake, bayou or cove for gathering, planting or sowing oysters, within the metes and bounds of the official grant or patent of said land. Provided, that the fish and oyster commissioner may require the owner of oysters produced on such land when offered for sale to make an affidavit that such oysters were produced on his land." Vernon's Sayles' Statutes, art. 3982.

It seems to us that the language of this statute is so plain and definite that there is no room for construction. The authority of the Legislature to grant the exclusive right to the owners of the land covered by the public navigable waters of this state to take oysters therefrom or to plant oysters in said waters cannot be doubted. Jones v. Johnson, 6 Tex. Civ. App. 262, 25 S. W. 650. There is nothing in the act of which the article above quoted is a part, inconsistent with said article. On the contrary, it seems to us that granting to the owners of the land covered by navigable waters the exclusive right to gather and plant oysters in such waters subserves the manifest purpose of the act, which was to preserve and protect the natural oyster beds of this state, encourage the planting and growing, and thus increase the supply of oysters.

We think the trial court erred in denying the injunction prayed for by plaintiffs, and, the facts being undisputed, the judgment should be reversed, and judgment here rendered, granting the injunction in accordance with the prayer of plaintiffs' petition, and it has been so ordered.

Reversed and rendered.

