

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

April 21, 2004

Mr. Robert L. Cook
Executive Director
Texas Parks & Wildlife Department
4200 Smith School Road
Austin, Texas 78744

Opinion No. GA-0181

Re: Whether a licensed crab fisherman must obtain permission from the owner of submerged land in order to place crab traps at that location (RQ-0130-GA)

Dear Mr. Cook:

You ask about the use of crab traps in open water. Specifically you ask: "[W]hen privately owned land underlies tidal water, must a licensed crab fisherman obtain permission of the owner of the submerged land in order to lawfully fish crab traps at that location?"[1] The Texas Parks and Wildlife Department ("TPWD") is concerned that section 61.022 of the Parks and Wildlife Code, which prohibits a person from taking wildlife resources without the consent of the owner of the land or water, might require a crab fisherman to obtain permission to fish crab traps from the owner of submerged land that lies beneath tidal water. *See* TEX. PARKS & WILD. CODE ANN. § 61.022 (Vernon 2002); Request Letter, *supra* note 1, at 2.

As factual background, you relate that "[c]ommercial crabbing is a long-standing, economically important industry in Texas." Request Letter, *supra* note 1, at 1. You continue by giving the following facts:

> TPWD issues resident and non-resident commercial crab fishermen's licenses to qualified applicants. Non-commercial crabbing is a popular recreational activity, which can be conducted with a fishing license and saltwater stamp.
>
> Commercial crabbers typically capture crabs by setting out baited traps in shallow waters where crabs are known to live. The traps, which rest on the bottom, are periodically checked, and lawful-sized crabs are removed and sold. Traps are also a lawful means of taking

---

[1]*See* Letter from Robert L. Cook, Executive Director, Texas Parks & Wildlife Department, to Honorable Greg Abbott, Texas Attorney General, at 1 (Nov. 14, 2003) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

crabs for non-commercial purposes. The traps can often be set and then retrieved without leaving the boat.

In some coastal areas, private land underlies the tidal public waters as a result of dredging, subsidence, land grants, and/or other causes. TPWD believes that a crab fisherman need not obtain landowner permission to fish crab traps in public water.

*Id.*

The Texas Parks and Wildlife Commission, TPWD's governing body, is required by Parks and Wildlife Code chapter 61 to regulate the taking of wildlife resources, including aquatic animal life such as crabs. *See* TEX. PARKS & WILD. CODE ANN. §§ 61.001, .021, .052 (Vernon 2002). *See also id.* § 1.011(d) (Vernon 2002) (TPWD "shall regulate the taking and conservation of fish, oysters, shrimp, crabs, turtles, terrapins, mussels, lobsters, and all other kinds and forms of marine life"). Parks and Wildlife Code chapter 78, subchapter B requires TPWD to regulate commercial crab fishing. *See id.* §§ 78.101-.115 (Vernon 2002 & Supp. 2004); *see also* 31 TEX. ADMIN. CODE §§ 58.201-.210 (2003) (Statewide Crab Fishery Proclamation, implementing Parks and Wildlife Code chapter 78, subchapter B). Regulations for recreational fishing with crab traps are found in title 31 of the Texas Administrative Code. Title 31, section 65.78(d) provides that there are "no places closed for the taking of crabs, except as listed within this section." 31 TEX. ADMIN. CODE § 65.78(d) (2003). Thereafter, the rule identifies certain locations where fishing crab traps is not allowed as well as the devices, means, and methods that may and may not be used. For example, the rule prohibits fishing a crab trap within 200 feet of a marked navigable channel in Aransas County. *See id.* § 65.78(e)(2)(B)(x). The rule does not include privately owned land that lies beneath tidal waters as an unlawful location to fish crab traps.

Section 61.022 of the Parks and Wildlife Code prohibits a person from taking wildlife resources without the consent of the owner of the land or water: "No person may hunt or catch by any means or method or possess a wildlife resource at any time and at any place covered by this chapter unless the owner of the land or water, or the owner's agent, consents." TEX. PARKS & WILD. CODE ANN. § 61.022(a) (Vernon 2002). Section 61.005(1) defines "wildlife resources" as "all wild animals, wild birds, and aquatic animal life." *Id.* § 61.005(1). "This chapter applies to every county, place, and wildlife resource in the state, except as otherwise provided by this code." *Id.* § 61.003. A person who violates section 61.022(a) "commits an offense that is a Class A Parks and Wildlife Code misdemeanor and is punishable in addition by the revocation or suspension . . . of hunting and fishing licenses and permits." *Id.* § 61.022(b). Therefore, in light of section 61.022, you ask whether a licensed crab fisherman must obtain permission from the owner of privately owned land beneath tidal water to fish crab traps. Request Letter, *supra* note 1, at 3. In order to answer this question, we must decide who owns the crabs and the water inhabited by the crabs.

The Texas Water Code provides that the "water of the ordinary flow, underflow, and tides of every . . . bay or arm of the Gulf of Mexico . . . in the state is the property of the state." TEX. WATER CODE ANN. § 11.021 (Vernon 2000). The Parks and Wildlife Code similarly provides that

"the beds and bottoms and the products of the beds and bottoms of the public rivers, bayous, lagoons, creeks, lakes, bays, and inlets in this state and of that part of the Gulf of Mexico within the jurisdiction of this state are the property of this state." TEX. PARKS & WILD. CODE ANN. § 1.011(c) (Vernon 2002). Texas courts recognize the waters of the Gulf of Mexico to include all bays, inlets, and streams upon the Gulf Coast to the extent they are subject to the ebb and flow of the tide. *See Lorino v. Crawford Packing Co.*, 175 S.W.2d 410, 413 (Tex. 1943); *City of Galveston v. Mann*, 143 S.W.2d 1028, 1033 (Tex. 1940); *Crary v. Port Arthur Channel & Dock Co.*, 47 S.W. 967, 970 (Tex. 1898). In *Dodgen v. Depuglio*, 209 S.W.2d 588 (Tex. 1948), which addressed a shrimping operation, the Texas Supreme Court declared that "the state, in its sovereign capacity, owns the fish in tidewaters within its jurisdiction[,] . . . and no person owns any vested property right in these fish." *Dodgen*, 209 S.W.2d at 593. The state may "'regulate the taking of fish and shrimp from its public waters . . . to conserve those natural resources for the ultimate benefit of all the people.'" *See id.* (citation omitted). The legislature has treated crabs as fish for conservation and licensing purposes. *See* TEX. PARKS & WILD. CODE ANN. §§ 78.102(2); .104(a), (c) (Vernon 2002) (commercial crab fishing).

The state has authority to convey title to submerged tidal lands. *See City of Port Isabel v. Missouri Pac. R.R. Co.*, 729 S.W.2d 939, 943 (Tex. Civ. App.–Corpus Christi 1987, writ ref'd n.r.e.) ("The State [has] the power, through the Legislature, to convey title to the submerged lands in the Laguna Madre.") (citing *Lorino*, 175 S.W.2d at 414). However, "[b]ecause submerged lands are impressed with a public trust, grants which include the beds of public waterways must be express and are strictly construed against grantees." Tex. Att'y Gen. Op. No. JM-299 (1985) at 3 (citing *Heard v. Town of Refugio*, 103 S.W.2d 728, 730-31 (Tex. 1937), and *State v. Bradford*, 50 S.W.2d 1065, 1069-70 (Tex. 1932)). In *City of Galveston v. Mann*, the Texas Supreme Court declared:

> The State is the source of all title to land in this State, including navigable waters of the State, and except in instances where a right [is] not expressly granted but is so patently implied as to leave no room for reasonable doubt, . . . anyone claiming title to any particular portion of the State's property must show that the same has been segregated by some formal grant or purchase, and that it no longer forms a part of the State's public domain.

*City of Galveston v. Mann*, 143 S.W.2d at 1034 (citations omitted). Thus, a private owner has only those rights in submerged land formally granted to him.

Texas courts have determined that the public may lawfully boat and fish upon navigable waters that flow over privately owned submerged land. Such navigable waters are public, even though the river bed is privately owned. *See Port Acres Sportsman's Club v. Mann*, 541 S.W.2d 847, 850 (Tex. Civ. App.–Beaumont 1976, writ ref'd n.r.e.). In *Natland Corp. v. Baker's Port, Inc.*, 865 S.W.2d 52 (Tex. App.–Corpus Christi 1993, writ denied), the court of appeals stated that "even though submerged land may be privately owned, if navigable public waters flow over it, the public retains the right to use those waters for navigation, fishing, and other lawful purposes." *Natland*, 865 S.W.2d at 63 (citing *Diversion Lake Club v. Heath*, 86 S.W.2d 441, 446 (Tex. 1935)). Because

navigable water is public, the grantee of the submerged land takes it subject to the public's right to fish in the public water over it. Courts distinguish ownership of the water from ownership of the soil underneath the water and recognize that waterways connected to and subject to the ebb and flow of the tides of the Gulf of Mexico are public waters. *See Natland*, 865 S.W.2d at 57; *see also* Tex. Att'y Gen. Op. No. M-1210 (1972) at 3; Tex. Att'y Gen. LO-98-114, at 4. The public has a right to fish in the public waters over privately owned submerged tidal lands, just as it does in the public waters in a navigable river flowing over a privately owned bed. *See* TEX. WATER CODE ANN. § 11.021 (Vernon 2000) (describing waters that are the property of the state); *see also* Tex. Att'y Gen. Op. No. M-1210 (1972) at 5 (public may fish and boat in coastal waterways over privately owned land).

*North American Dredging Co. v. Jennings*, 184 S.W. 287 (Tex. Civ. App.–Galveston 1916, no writ), deals with taking oysters from privately owned submerged land. *See N. Am. Dredging*, 184 S.W. at 288. The owners of the submerged land under Offatt's Bayou in Galveston County sought to enjoin the North American Dredging Company from taking oysters from a natural oyster bed located in the submerged land that plaintiffs owned. The court held that "the grant by the sovereignty of the title to the land under navigable waters does not carry with it the grant to the exclusive right of fishing in the waters covering said grant, unless the grant expressly includes such right." *Id.* at 288. The court, however, ruled in favor of the owner of the submerged land because the legislature had adopted a statute granting "the exclusive right to the owners of the land covered by the public navigable waters of this state to take oysters therefrom or to plant oysters in said waters." *Id.* (referring to former article 3982 of the Revised Civil Statutes, which is now section 76.004(a) of the Parks and Wildlife Code). *See* TEX. PARKS & WILD. CODE ANN. § 76.004(a) (Vernon 2002) ("The lawful occupant of a grant of land in this state has the exclusive right to use any creek, bayou, lake, or cove included within the metes and bounds of the original grant for the planting or sowing of oysters."). By virtue of this statute, and not the grant, the landowners had the exclusive right to take oysters from their submerged land. Significantly, there is no comparable Texas statute granting owners of submerged land an exclusive right to fish for crabs. "It is generally held that a conveyance by the State of the bed under navigable or public water does not, absent a clear expression to the contrary, convey the waters or exclusive rights of fishery; rather, the grantee takes the bed subject to the piscatory rights of the public." Tex. Att'y Gen. Op. No. H-1090 (1977) at 2 (citations omitted).

We conclude that a licensed crab fisherman does not need permission, *see* TEX. PARKS & WILD. CODE ANN. § 61.022(a) (Vernon 2002), from the owner of submerged land that lies beneath tidal waters in order to fish crab traps there. The Texas Water Code provides that the "*water* of the ordinary flow, underflow, and tides of . . . every bay or arm of the Gulf of Mexico . . . in the state is the property of the state." TEX. WATER CODE ANN. § 11.021 (Vernon 2000) (emphasis added). The state, as owner of the public tidal waters over privately owned submerged land, is the appropriate party to consent to public fishing there, which it does though licensing and regulatory statutes.

## S U M M A R Y

A licensed crab fisherman need not obtain permission from the owner of submerged land that lies beneath tidal waters in order to fish crab traps at that location. These waters are owned by the State of Texas and are open to the public for fishing in accordance with applicable Parks and Wildlife Code provisions and implementing regulations.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee